Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 213
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff
Antonio Martinez

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Antonio Martinez**, an Arizona resident, | Case No. |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| **P.M. & M. Electric, Inc. d/b/a Titan Solar Power,** a corporation; **David Williamson**, an Arizona resident; and **Kyle Beddome**, an Arizona resident; | |
| Defendants. | **(Jury Trial Requested)** |

Plaintiff Antonio Martinez, for his Verified Complaint against Defendants, hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**") and failure to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**").

2. This action is brought to recover unpaid overtime wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Plaintiff's state law claim is sufficiently related to his federal claim that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claim under the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiff was employed by Defendants in this District.

## PARTIES

7. At all relevant times to the matters alleged herein, Plaintiff Antonio Martinez resided in the District of Arizona.

8. Plaintiff was a full-time employee of Defendants from in or around July 2017 until on or about February 2, 2018.

9. At all relevant times, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1) and A.R.S. § 23-350.

10. Defendant P.M. & M. Electric, Inc. d/b/a Titan Solar Power is a corporation, authorized to do business in Arizona, and was Plaintiff's employer as defined by 29 U.S.C.

§ 203(d) and A.R.S. § 23-350.

11.     Defendant David Williamson is an Arizona resident. He has directly caused events to take place giving rise to this action. David Williamson is the owner of the previously identified corporate entities and was at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

12.     Defendant Kyle Beddome is an Arizona resident. He has directly caused events to take place giving rise to this action. Kyle Beddome is the owner of the previously identified corporate entities and was at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

13.     Under the FLSA, Defendants David Williamson and Kyle Beddome are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants David Williamson and Kyle Beddome determined the method and rate of Plaintiff's payment of wages. As persons who acted in the interest of the previously identified corporate entities in relation to the company's employees, David Williamson and Kyle Beddome are subject to individual and personal liability under the FLSA.

14.     Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

15.      Defendants, and each of them, are sued in both their individual and corporate capacities.

16.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

17. At all relevant times, Defendants have been engaged in interstate commerce and have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## **FACTUAL ALLEGATIONS**

18. Defendant P.M. & M. Electric, Inc. d/b/a Titan Solar Power is a supplier of solar equipment.

19. In or around July 2017, Plaintiff began employment with Defendants as a solar installer.

20. From July 2017 to on or about February 2, 2018, Plaintiff was a non-exempt employee and paid a rate of $20.00 per hour.

21. At all relevant time during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for his overtime hours.

22. Plaintiff routinely worked in excess of 40 hours per week, and was not provided with the required one and one-half times pay premium as required by the FLSA for his overtime hours.

23. For example, Plaintiff worked at least 7 hours of overtime the week of January 22, 2018 for a total of 47 hours worked that workweek and was only compensated straight time for all such overtime hours worked.

24. Defendants were aware that Plaintiff's working hours routinely exceeded 40 hours, and required him to work overtime as a condition of his employment.

25. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

26. Defendants refused and/or failed to properly disclose or apprise Plaintiff of

his rights under the FLSA.

27. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA and the Arizona Wage Statute were willful.

## COUNT I
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

28. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

29. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

30. Plaintiff was an employee entitled to the statutorily mandated overtime wages.

31. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

32. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

33. In addition to the amount of unpaid overtime wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

34. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

35. Defendants have not made a good faith effort to comply with the FLSA.

36. Plaintiff is also entitled to an award of attorneys' fees and other statutory

damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

37. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

38. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Wage Statute.

39. Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

40. Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

41. Defendants failed to timely pay Plaintiff his wages due without a good faith basis for withholding the wages.

42. Defendants have willfully failed and refused to timely pay wages due to Plaintiff. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

    i. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

    ii. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   iii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B.  For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

C.  For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D.  For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E.  For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 12-341.01 and all other causes of action set forth herein;

F.  Any other remedies or judgments deemed just and equitable by this Court

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED April 17, 2018.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
  14500 N. Northsight Blvd, Suite 213
  Scottsdale, AZ 85260
  Attorneys for Plaintiff Antonio Martinez

## VERIFICATION

Plaintiff Antonio Martinez declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

*/s/ Antonio Martinez*

Antonio Martinez

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 213 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com