Stacy M. Gabriel (#015071)
Barrie Stachel (#014664)
GABRIEL & ASHWORTH, P.L.L.C.
10105 E. Via Linda
Suite 103, No. 392
Scottsdale, Arizona 85258
(480) 368-2790
(480) 391-6821 (fax)
stacy@gabrielashworth.com

Attorneys for Defendants P. M. & M. Electric, Inc.
d/b/a Titan Solar Power, David Williamson
and Kyle Beddome

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio Martinez, an Arizona resident | No. |
| Plaintiff, | |
| vs. | **ANSWER OF DEFENDANTS P. M. & M. ELECTRIC, INC. D/B/A TITAN SOLAR POWER, DAVID WILLIAMSON AND KYLE BEDDOME** |
| P. M. & M. Electric, Inc. d/b/a Titan Solar Power, a corporation; David Williamson, an Arizona resident; and Kyle Beddome, an Arizona resident, | |
| Defendants. | |

Defendants P. M. & M. Electric, Inc. d/b/a Titan Solar Power ("P. M. & M. Electric"), David Williamson and Kyle Beddome for their Answer to Plaintiff's Complaint in the above-entitled action, admit, deny, and aver as follows, with each paragraph below corresponding to the same-numbered paragraph of the Complaint:

**Nature of the Case**

1. Paragraph 1 recites the legal basis for the Complaint and no factual assertions that require an answer on the part of Defendants. Notwithstanding the foregoing, Defendants deny that they committed any of the unlawful practices alleged in the Complaint or that they are liable for the conduct alleged in the Complaint.

2. Paragraph 2 of the Complaint recites Plaintiff's prayer for relief and no factual assertions that require an answer on the part of Defendants. Notwithstanding the foregoing, Defendants deny Plaintiff is entitled to the relief requested or any relief at all.

3. Paragraph 3 of the Complaint recites Plaintiff's prayer for relief and no factual assertions that require an answer on the part of Defendants. Notwithstanding the foregoing, Defendants deny Plaintiff is entitled to the relief requested or any relief at all.

**Jurisdiction and Venue**

4. Defendants admit that this Court has jurisdiction as alleged in Paragraph 4 of the Complaint.

5. Defendants admit that this Court has supplemental jurisdiction over Plaintiff's state law claim as alleged in in Paragraph 5 of the Complaint.

6. Defendants admit that venue is proper and that Plaintiff was employed by Defendants in this District as alleged in Paragraph 6 of the Complaint.

**Parties**

7. Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the Complaint and therefore deny the same.

8. Defendant P. M. & M. Electric admits Plaintiff was an employee of Defendant P. M. & M. Electric from around July 2017 to around February 2018, but Defendants deny the remaining allegations in Paragraph 8 of the Complaint.

9. Defendant P. M. & M. Electric admits it employed Plaintiff, but Defendants deny the remaining allegations in Paragraph 9 of the Complaint.

10. Defendants admit that P. M. & M. Electric is a corporation authorized to do business in Arizona and that it employed Plaintiff.

11. Defendants admit that Defendant David Williamson is an Arizona resident, but deny the remaining allegations in Paragraph 11 of the Complaint.

12. Defendants admit that Defendant Kyle Beddome is an Arizona resident, but deny that the remaining allegations in Paragraph 12 of the Complaint.

13. The allegations in Paragraph 13 of the Complaint call for a legal conclusion that require no answer on the part of Defendants. Notwithstanding the foregoing, Defendants deny that they are liable for any conduct alleged in the Complaint.

14. Defendants deny the allegations in Paragraph 14 of the Complaint.

15. The allegations in Paragraph 15 calls for a legal conclusion that require no answer on the part of Defendants. Notwithstanding the foregoing, Defendants deny that they are liable to Plaintiff in either an individual or corporate capacity.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

17. The allegations in Paragraph 17 call for a legal conclusion that require no answer on the part of Defendants. Notwithstanding the foregoing, Defendant P. M. & M. Electric is not contesting coverage under the FLSA.

**Factual Allegations**

18. Defendants deny the allegations in Paragraph 18 of the Complaint. Notwithstanding the foregoing, Defendants affirmatively allege that P. M. & M. Electric is an installer of solar equipment.

19. Defendant P. M. & M. Electric admits that Plaintiff began his employment with P. M. & M. Electric in or around July 2017, but Defendants deny the remaining allegations in Paragraph 19 of the Complaint. Defendant P. M. & M. Electric affirmatively alleges that Plaintiff began his employment as a site survey worker.

20. Defendant P. M. & M. Electric admits that Plaintiff was a non-exempt employee of Defendant P. M. & M. Electric, but deny he was paid $20.00 per hour for the entire duration of his employment. Defendant P. M. & M. Electric affirmatively alleges

that Plaintiff was hired at a rate of $18.00 per hour and that his pay rate increased to $20.00 per hour in August 2017.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendant P. M. & M. Electric admits that Plaintiff worked in excess of 40 hours per week as reflected on his time records, but deny the remaining allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

## COUNT I

### (FAILURE TO PAY OVERTIME WAGES – FLSA - 29 U.S.C. § 207)

28. Defendants repeat and incorporate by this reference their answers to the Complaint set forth above.

29. Defendant P. M. & M. Electric admits it employed Plaintiff, but Defendants deny the remaining allegations in Paragraph 29 of the Complaint.

30. Defendant P. M. & M. Electric admits that Plaintiff was an employee entitled to overtime under the FLSA as alleged in Paragraph 30 of the Complaint, but Defendants deny this paragraph to the extent it suggests Plaintiff was employed by Defendants Williamson and Beddome. Defendant P. M. & M. Electric affirmatively alleges that Plaintiff was properly paid all overtime hours he worked.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

## **Count II**

### **(FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)**

37. Defendants repeat and incorporate by this reference its answers to the Complaint set forth above.

38. Defendant P. M. & M. Electric admits it employed Plaintiff, but Defendants deny the remaining allegations in Paragraph 38 of the Complaint.

39. Defendant P. M. & M. Electric admits it is aware of its obligation to pay timely wages, but Defendants deny the remaining allegations contained in Paragraph 39 of the Complaint.  Defendant P. M. & M. Electric affirmatively alleges it timely paid Plaintiff his wages.

40. Defendant P. M. & M. Electric admits it was aware it was obligated to pay all wages due to Plaintiff, but Defendants deny the remaining allegations contained in Paragraph 40 of the Complaint.  Defendant P. M. & M. Electric affirmatively alleges it paid all wages due to Plaintiff.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

**Affirmative Defenses**

A. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

B. Defendants can avail themselves of the good faith affirmative defenses to liability and liquidated damages set forth in 29 U.S.C. § 260.

C. Plaintiffs cannot establish wages were withheld in bad faith to justify an award of treble damages under A.R.S. §23-355.

D. There is no individual liability for failure to timely pay wages under Arizona's Wage Statute. See A.R.S. § 23-350(3).

E. Any award of damages in favor of Plaintiff should be offset by monies Plaintiff owes Defendant P. M. & M. Electric for unreturned, unreimbursed and/or damaged tools and equipment.

F. At the time of this Answer to Complaint, Defendants do not know which, if any, further affirmative defenses apply. Rather than waive the same, Defendants reserve the right to assert additional affirmative defenses as the matter progresses and they obtain clarification of Plaintiff's allegations.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants respectfully request judgment in their favor as follows:

1. that Plaintiff's Complaint against Defendants be dismissed with prejudice and that Plaintiff take nothing thereby;

2. that Defendants be awarded their costs and attorneys' fees; and

3. that Defendants be awarded such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED this 17th day of May, 2018.

GABRIEL & ASHWORTH, P.L.L.C.

By: s/ Stacy M. Gabriel
Stacy M. Gabriel
Barrie Stachel
Attorneys for Defendants P. M. & M. Electric, Inc. d/b/a Titan Solar Power, David Williamson and Kyle Beddome

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of May, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF Registrant:

Jason Barrat
Michael Zoldan
Jessica Miller
Zoldan Law Group, PLLC
14500 N. Northsight Blvd., Suite 213
Scottsdale, AZ 85260
jbarrat@zoldangroup.com
mzoldan@zoldangroup.com
jmiller@zoldangroup.com
Attorneys for Plaintiff

 s/ Stacy M. Gabriel 

7