Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff
Antonio Martinez

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Antonio Martinez**, an Arizona resident, | Case No. CV-18-1181-PHX-GMS |
| Plaintiff, | |
| v. | **JOINT CASE MANAGEMENT REPORT** |
| **P.M. & M. Electric, Inc. d/b/a Titan Solar Power,** a corporation; **David Williamson**, an Arizona resident; and **Kyle Beddome**, an Arizona resident; | **(Assigned to Hon. G. Murray Snow)** |
| Defendants. | |

Pursuant to the Court's May 21, 2018 Order Setting Rule 16 Case Management Conference, the undersigned have conferred and now submit this Joint Rule 26(f) Case Management Report.

**1.    The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report;**

*Plaintiff's counsel:* Jason Barrat

*Defendants' counsel:* Stacy Gabriel

**2.     A list of the parties in the case, including any parent corporations or entities (for recusal purposes);**

*Plaintiff:* Antonio Martinez

*Defendants:* P.M. & M. Electric, Inc. d/b/a Titan Solar Power ("Titan"), David Williamson, and Kyle Beddome.  P.M. & M. Electric is a California corporation wholly-owned by PI Holding LLC, a Nevada corporation.

**3.     A short statement of the nature of the case (3 pages or less);**

*Plaintiff*: Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "FLSA") and failure to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-351, 23-353, and 23-355 ("Arizona Wage Statute").

Defendant P.M. & M. Electric, Inc. d/b/a Titan Solar Power is a supplier of solar equipment.  In or around July 2017, Plaintiff began employment with Defendants as a solar installer.  From July 2017 to on or about February 2, 2018, Plaintiff was a non-exempt employee and paid a rate of $20.00 per hour. At all relevant time during Plaintiff's employment, Defendants failed to properly compensate Plaintiff for his overtime hours. Plaintiff routinely worked in excess of 40 hours per week, and was not provided with the required one and one-half times pay premium as required by the FLSA for his overtime hours.  For example, Plaintiff worked at least 7 hours of overtime the week of January 22, 2018 for a total of 47 hours worked that workweek and was only compensated straight time for all such overtime hours worked.

*Defendants:* Titan is an installer of solar equipment.  Titan employed Plaintiff as a non-exempt hourly employee from July 2017, until his voluntary resignation in February,

ZOLDAN LAW GROUP, PLLC

14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

2018.  Plaintiff was hired as a site survey worker and paid $18.00 per hour in this position. In August 2017, he became an installer and his pay rate was increased to $20.00 per hour. He remained an installer earning $20.00 per hour until he resigned.

During Plaintiff's 7-month employment at Titan, he regularly worked and was paid overtime at the legally-mandated overtime rate.  Specifically, he worked and was paid overtime in 15 of the 32 workweeks he was on Titan's payroll.  In many of his work weeks, he missed work due to personal reasons, paid sick time and company-paid holidays.

To record his work time, Plaintiff clocked in and out using Titan's electronic mobile timekeeping application. On several occasions during his employment, Plaintiff manually adjusted, or requested that Titan manually adjust, his time.  Notably, Plaintiff did not adjust or request an adjustment during the week of January 22, 2018 – the  week Plaintiff claims he worked 47 hours instead of the 33.24 hours that he recorded in the Company's timekeeping system. See Complaint ¶23.

To the extent Mr. Martinez intends to argue he worked overtime, but did not record it, Titan is not liable for this omission. Titan was certainly not aware of any alleged unrecorded overtime Plaintiff worked. An employee's "failure to record claimed time is fatal to a later claim for the time, if the company has no reason to be aware of the overtime." See Rogers v. Brauer Law Offices, PLC, 2012 U.S. Dist. LEXIS 16568 * 19-22 (D. Ariz. 2012) (quoting McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1130 (10th Cir. 1998)).

On April 2, 2018, approximately two months after Plaintiff quit, he texted his former supervisor Justin Coonrod "Yo what's up Justin this is Antonio is there anyway I could come back to titan?" Plaintiff's communication further undermines his claim that he was unlawfully denied overtime because it is illogical that Plaintiff would want to return to work

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

for an employer that he believes denied him earned wages.

Before Plaintiff resigned, Plaintiff damaged a company vehicle. Titan is continuing to investigate the extent of these damages. Additionally, at the time of his resignation, Plaintiff was required, but failed to return or reimburse Titan for, the work tools provided to him during his employment. Upon reviewing Plaintiff's time records in connection with this lawsuit, Defendants have reason to believe Plaintiff may have committed time card fraud. Once these facts are confirmed, Titan reserves the right to seek leave to file a counterclaim or seek to apply an offset to recoup the monies Plaintiff owes.

**4.    The jurisdictional basis of the case, describing the basis for jurisdiction and citing specific statutes, if any;**

This Court has federal question jurisdiction over Plaintiff's claims under the Fair Labor Standards Act (29 U.S.C. § 207) pursuant to 42 U.S.C. § 1331 as the cause of action asserts a federal question. Additionally, Plaintiff's state law claims are so related to the federal question claims having original jurisdiction that this Court may assert jurisdiction over his claims under A.R.S. § 23-353.

**5.    Any parties which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared;**

All parties have been properly served and have answered.

**6.    A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline at the Case Management Conference for joining parties and amending pleadings);**

*Plaintiff:* Plaintiff does not expect to add additional parties to the case or amend the

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

pleadings but Plaintiff requests 60 days if discovery dictates another employer under the FLSA.

*Defendants:* As a result of initial discovery, Titan may seek leave to amend its answer to assert counterclaims or additional affirmative defenses to recoup monies Plaintiff owes Titan. Defendants request the Court to set the date for both parties to add additional parties to the case or otherwise amend pleadings no later than August 31, 2018.

**7.    A list of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705);**

*Plaintiff:* Plaintiff intends to file a dispositive motion at the conclusion of discovery.

*Defendants:* Defendants intend to move for summary judgment on all claims at the close of discovery.  Before close of discovery, Defendants Williamson and Beddome may move to dismiss Count II of the Complaint (Failure to Timely Pay Wages Due - Arizona Wage Statute) as to them because no individual liability exists under that statute. Defendants have requested that Plaintiff voluntarily dismiss this claim as to the Defendants Williamson and Beddome.  If Plaintiff refuses, Defendants will file a motion and seek their fees and costs. Therefore, Defendants request leave to file up to 2 dispositive motions in this case.

**8.    Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial;**

The parties agree this case is suitable for reference to a United States Magistrate Judge for a settlement conference, but not for trial.

**9.    The status of related cases pending before other courts or other judges**

of this Court;

The parties are not aware of any related cases pending before other judges of this Court or before other courts.

**10.    A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced (*see* Rules 16(b)(3), 26(f)(3));**

The parties do not have any issues relating to preservation, disclosure, or discovery of electronically stored information. The parties intend to produce the electronically stored information either in paper or .pdf format. To the extent any issues arise relating to electronically stored information, the parties agree to work amicably to try to resolve the issue without court intervention.

**11.    A discussion of any issues relating to claims of privilege or work product (*see* Rules 16(b)3, 26(f)(3));**

The parties do not anticipate that the case presents any unique issues relating to the attorney/client privilege or the work product doctrine.

**12.    A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case;**

The parties do not believe that an order pursuant to Rule 502(d) will be necessary.

**13.    A discussion of the parties' compliance to date with the MIDP, whether any issues have arisen under the MIDP, and, if issues have arisen, a description of those issues so the Court may resolve them at the Rule 16 conference. If the Rule 26(f) joint report raises MIDP issues for the Court to resolve, copies of the parties' MIDP**

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

**disclosures should be attached to the report.**

On June 15, 2018, Plaintiff served their MIDP on Defendants.

Defendants plan to serve their MIDP on or before June 18, 2018.

**14.    A discussion of necessary discovery. This discussion should take into account the December 1, 2015 amendments to Rule 26(b)(1), and should include:**

a.    **The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case;**

*Plaintiff*:    Plaintiff intends to engage in discovery including taking the deposition of the Defendants and other witnesses that have knowledge of Plaintiff's payrate, hours worked, job duties, and responsibilities.  Plaintiff also intends to engage in discovery by propounding requests for production, uniform and non-uniform interrogatories, and requests for admissions, all pursuant to Rules 33, 34, and 35 Red. R. Civ. P.  It is believed that the location of all evidence and witnesses are within this Court's jurisdiction.

*Defendants*: In addition to conducting written discovery, Defendants intend to take the deposition of Plaintiff, any material fact witnesses identified by Plaintiff, and any other witnesses who have knowledge of Titan's work and pay practices and Plaintiff's payrate, hours worked, job duties and responsibilities, and monies Plaintiff owes to Titan for unreturned and/or damaged property, tools and time card fraud.  Defendants believe the location of discovery is within the Court's jurisdiction.

b.    **Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;**

The parties do not believe that any changes to the discovery limitations set

ZOLDAN LAW GROUP, PLLC

14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

forth by the Fed. R. Civ. P. nor the Local Rules are presently necessary.

      c.    **The number of hours permitted for each deposition. The parties should consider whether a total number of depositions hours should be set in the case, such as 30 total hours for Plaintiffs and 30 total hours for Defendants. Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses depending on the importance and complexity of subjects to be covered with the witnesses.**

The parties do not believe that any modifications are necessary to enlarge or shorten the length of depositions established by the Fed. R. Civ. P.

**15.**    **A statement of when the parties served their MIDP discovery responses;**

On June 15, 2018, Plaintiff served their MIDP on Defendants.

Defendants plan to serve their MIDP on or before June 18, 2018.

**16.**    **Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):**

      **(a)**    **A deadline for the completion of fact discovery, which will also be the deadline for final supplementation of discovery responses under the MIDP;**

February 22, 2019

      **(b)**    **Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);**

December 7, 2018

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

(c)     **A deadline for completion of all expert depositions;**

February 22, 2019

(d)     **A date by which the parties shall have engaged in face-to-face good faith settlement talks;**

October 26, 2018

(e)     **A deadline for filing dispositive motions.**

April 26, 2019

**17.     Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, briefly set forth the reasons);**

Plaintiff requested a jury trial and Defendants have not contested.

**18.     The prospects for settlement, including any request of the Court for assistance in settlement efforts; and**

The Parties do not need court assistance with settlement at this time.  In the future, if both parties agree, they may request a settlement conference with a magistrate judge at any time.

**Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure.**

None at this time.


RESPECTFULLY SUBMITTED June 15, 2018.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
        14500 N. Northsight Blvd., Suite 133

Scottsdale, AZ 85260
Attorneys for Plaintiffs

**GABRIEL & ASHWORTH, P.L.L.C.**

By: /s/_with permission_____
Stacy M. Gabriel
Barrie Stachel
10105 E. Via Linda Suite 103, No. 392
Scottsdale, AZ 85258
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2018, I electronically transmitted the foregoing document to the United States District Court, District of Arizona, Court Clerk, using the CM/ECF System.  All counsel of record are registrants and are therefore served via this filing and transmittal.

/s/ Ashley Peschke

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 133 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com