WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio Martinez,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PM&M Electric Incorporated, et al.,<br><br>　　　　Defendants.<br>PM&M Electric Incorporated,<br><br>　　　　Counterclaimant,<br><br>v.<br><br>Antonio Martinez, et. al.,<br><br>　　　　Counter-Defendants. | No. CV-18-01181-PHX-JGZ<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motion for Partial Judgment on the Pleadings (Doc. 35), Plaintiff's Motion to Dismiss Counterclaims for Lack of Subject Matter Jurisdiction (Doc. 37), and Defendant's Motion to Strike Plaintiff's Notice of Supplemental Authority. (Doc. 50.) The motions have been fully briefed, or the time for filing a response has expired. (*See* Docs. 43, 44, 45, 46.) For the reasons stated herein, the Court will grant the Motion for Partial Judgment on the Pleadings and Motion to Dismiss Counterclaims. The Court will deny the Motion to Strike Notice of Supplemental Authority.

## I. BACKGROUND

Plaintiff Antonio Martinez was employed by Defendant PM&M, d/b/a/ Titan Solar Power ("Titan"), from around July 2017 to February 2, 2018.[1] (Doc. 30 at ¶ 10.) Martinez was a non-exempt employee paid at a rate of $20.00 per hour. (*Id.* at ¶ 23.) Martinez claims he "routinely worked in excess of 40 hours per week," but he did not receive one-and-a-half times pay for his overtime hours as required by the Fair Labor Standards Act (FLSA). (*Id.* at ¶¶ 24-25.) He alleges that he worked 47 hours during the week of January 22, 2018, and 41.63 hours during the January 28 - February 10, 2018 pay period. (*Id.* at ¶¶ 26, 28.) On February 2, 2018, Martinez complained that he was not receiving correct wages and overtime, and later that day Titan terminated his employment. (*Id.* at ¶¶ 38-40.) Martinez received $0.00 in net pay for his last paycheck because Titan deducted $848.90 for "damages" and "tools." (*Id.* at ¶¶ 31, 32.) Martinez filed this action on April 17, 2018, asserting two claims: Count I – Failure to Pay Overtime Wages in violation of FLSA and Count II – Failure to Timely Pay Wages Due in violation of Arizona Wage Statute.[2] (Doc. 1.) On May 17, 2018, Defendants filed an Answer. (Doc. 9.)

On July 19, 2018, Plaintiff filed the Verified First Amended Complaint (FAC), adding an additional defendant[3] and three claims: Count III – Failure to Pay Minimum Wage in violation of FLSA; Count IV – Failure to Pay Minimum Wage in violation of Arizona Minimum Wage Statutes; and Count V – FLSA Retaliation. (Doc. 30.) On August 9, 2018, Defendants filed their Answer to the Amended Complaint and Defendant Titan filed a Counterclaim. (Doc. 33.) The Answer asserts numerous affirmative defenses, including offset for monies Plaintiff owes Titan "as detailed in the Counterclaim." (Doc.

---

[1] Plaintiff's allegations are taken from Plaintiff's Verified First Amended Complaint. (Doc. 30.) The complaint is cited by reference to its docket number. Defendants' Answer and Defendant Titan's Counterclaim are both filed at Docket 33. As the paragraph numbering in the Counterclaim repeats the paragraph numbering in the Answer, the Court will refer to these filings by docket number and name, either "Def. Answer" or "Counterclaim."

[2] In addition to Titan, the Complaint named as defendants David Williamson and Kyle Beddome, the owners of PM&M Electric. (Doc. 1.)

[3] The FAC added as a defendant Justin Coonrad, Plaintiff's former supervisor. (Doc. 30 at ¶¶ 13-15.)

33.) The Counterclaim asserts four state law claims: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) unjust enrichment; and (4) negligence. (Doc. 33, Counterclaim.) The Counterclaim includes the following allegations. Plaintiff abandoned his job on February 2, 2018. (*Id.* at ¶ 5.) Prior to his abandonment, Titan paid for and supplied Plaintiff with a safety device known as a YoYo, which cost $400.00, and Plaintiff agreed in writing to reimburse Titan for half of the cost of the YoYo, through four payroll deductions of $50.00. (*Id.* at ¶ 2). Plaintiff also agreed to either return the YoYo or reimburse Titan for its $200.00 contribution toward purchasing the YoYo if Plaintiff left his job within 12 months of receiving the YoYo. (*Id.* at ¶ 4.) Titan recouped $100 of the $200 owed by Plaintiff through payroll deductions. (*Id.* at ¶ 7.) Plaintiff left his job before 12 months had expired, and did not return the YoYo or reimburse Titan for the $300.00 he owes under the agreement. (*Id.* at ¶¶ 6, 7, 8.)

Titan also supplied Plaintiff with tools valued at $472.21 for his personal use, for which Plaintiff agreed to reimburse Titan via four payroll deductions of $118.05, beginning February 2, 2018. (*Id.* at ¶¶ 9, 10.) Only one of these deductions was processed, resulting in a balance due of $354.16. (*Id.* at ¶ 11.)

Titan also alleges that Plaintiff refueled a vehicle rented by Titan with the wrong type of fuel, causing damage to the vehicle and resulting in Titan having to reimburse the vehicle's owner in the amount of $1,138.60. (*Id.* at ¶¶ 14, 16.)

Titan asserts Plaintiff owes it a total of $1,792.76. (*Id.* at ¶ 21.) For that reason, Titan claims that it "withheld Plaintiff's final paycheck in the gross amount of $848.90 as a partial offset against the debt owed as permitted by Arizona law, A.R.S. § 23-352, and as specified in the Employee Handbook." (*Id.* at ¶¶ 22.)

Despite its claim for offset, on June 20, 2018, Titan "tendered back to Plaintiff the amount of $399.55, representing the net minimum wage allegedly due to Plaintiff for his final pay period of work." (*Id.* at ¶ 23.) Thus, Titan claims that Plaintiff owes Titan $1,389.53 ($1,792.76 minus $403.23, the partial offset from Plaintiff's final paycheck). (*Id.* at ¶ 24.)

On August 14, 2018, Plaintiff filed the pending Motion for Partial Judgment on the Pleadings (Doc. 35), and on August 23, 2018, Plaintiff filed his Motion to Dismiss Counterclaims. (Doc. 37.) Subsequently, on August 24, 2018, Plaintiff filed an Answer to Titan's Counterclaims.[4] (Doc. 38.)

## II. DISCUSSION

### A. Plaintiff's Motion for Partial Judgment on the Pleadings

A Rule 12(c) motion is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 939 (9th Cir. 2009); *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). All allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party. *Gen. Conference Corp. of Seventh-Day Adventists,* 887 F.2d at 230. "As a result, a plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery. Similarly, if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings." *Id*.

Plaintiff argues that he is entitled to judgment against Titan on Counts III and IV, the claims that Titan failed to pay minimum wage in violation of the FLSA and the Arizona Minimum Wage Statute. (Doc. 35 at 2, 4.) Plaintiff requests an award of liquidated damages in the amount of $874.24, and attorney's fees and costs. (*Id.* at 8.)

Titan admits that it withheld Plaintiff's final paycheck as an offset for the value of tools it claims Plaintiff stole from Titan and damage Plaintiff caused to a company vehicle. Titan denies that the withholding gives rise to an FLSA liquidated damages claim due to

---

[4] Rule 12(c) permits the filing of a motion on the pleadings "[a]fter the pleadings are closed." Plaintiff filed his motion for judgment on the pleadings before filing a Reply to Titan's Counterclaim. Because the pleadings were not "closed" at the time the motion was filed, Titan argues that Plaintiff's motion should be dismissed as procedurally defective. The Court declines to deny the motion on this ground. Even if Rule 12(c) is read broadly to require the filing of all potential pleadings as a prerequisite to filing a motion for judgment on the pleadings, Titan is not prejudiced by the Court's consideration of the motion. Plaintiff's reply to the Counterclaim was filed long before Defendant's response to the motion for judgment on the pleadings was due.
.

the good faith defense set forth in 29 U.S.C. § 260, or that it gives rise to an actionable Arizona minimum wage claim because the withholding was in good faith and in accordance with A.R.S. § 23-352.

1. Count III - FLSA claim

To prove an FSLA minimum wage claim, a plaintiff must prove three elements: (1) the plaintiff was employed by defendant during the relevant period; (2) plaintiff was a covered employee; and (3) the defendant failed to pay plaintiff minimum wage and/or overtime pay. *Quinonez v. Reliable Auto Glass, LLC,* No. CV-12-000452-PHX-GMS, 2012 WL 2848426, at *1-2 (D. Ariz. July 22, 2012). Where an employer violates the FLSA's minimum wage provisions, the employer "shall be liable to the . . . employees affected in the amount of their unpaid minimum wages, . . . and in an additional equal amount as liquidated damages. . . ." 29 U.S.C. § 216(b). In an FLSA enforcement action, the court is also required to award to a successful plaintiff reasonable attorney's fees and costs. *Id.*

In its answer, Titan has admitted to each element of the FLSA minimum wage claim. With respect to the third element, however, Titan argues that its withholding was in good faith pursuant to 29 U.S.C. § 260. Section 260 pertains to calculation of damages for a minimum wage claim. Under that provision, a court may, in its discretion, award no liquidated damages or may award any amount not to exceed Section 216 damages, if the employer shows that it acted in good faith with reasonable grounds for believing its act was not an FLSA violation. 29 U.S.C. § 260.

Titan's answer and counterclaim do not raise issues of fact that, if proved, would defeat recovery on Plaintiff's FLSA minimum wage claim or the liquidated damages provision. Titan's offset of Plaintiff's minimum wages to recoup debts Plaintiff allegedly owed to Titan for tools and damage to the company vehicle was prohibited by federal law. As stated in *Juvera v. Salcido*, No. CV-11-2119-PHX-LOA, 2013 WL 6628039 (D. Ariz. Dec. 17, 2013), under the minimum wage provisions, "[i]f there are deductions by the employer which lower an employee's wages below the minimum wage '[f]or items not

- 5 -

qualifying as "board, lodging, or other facilities" such as items primarily benefitting the employer—..., they are unlawful.'" 2013 WL 6628039, at *6 (quoting *Rivera v. Peri Sons Farms, Inc.,* 735 F.3d 892, 897 (9th Cir. 2013) (citing 29 C.F.R. § 531.36(b))). The applicable regulation states:

> Deductions for articles such as tools, miners' lamps, dynamite caps, and other items which do not constitute "board, lodging, or other facilities" may likewise be made in nonovertime workweeks if the employees nevertheless received the required minimum wage in cash free and clear**; *but to the extent that they reduce the wages of the employee in any such workweek below the minimum required by the Act, they are illegal.***

29 C.F.R. § 531.36(b) (emphasis added). Because Titan's offset was illegal, the Court, as a matter of law, rejects Titan's claim that it acted in good faith with reasonable grounds for believing it was not committing an FLSA violation. Accordingly, the Court will grant judgment on the pleadings on Plaintiff's FLSA claim.[5]

2. <u>Count IV - Arizona Minimum Wage Claim</u>

Under Arizona law, employers are required to pay employees no less than the minimum wage, which was $10.50 per hour on and after January 1, 2018. A.R.S. § 23-363(A)(2). An employer who fails to pay the hourly minimum wage of $10.50 is liable for the balance of the wages, including interest, and an additional amount equal to twice the underpaid wages. A.R.S. § 23-364(G). A prevailing plaintiff is also entitled to recovery of attorney's fees and costs. *Id.* Plaintiff asserts a minimum wage claim in Count IV of the FAC.

Titan admits that it failed to pay Plaintiff the minimum wage required by Arizona law. Titan claims, however, that A.R.S. § 23-352 authorized its offset. That provision prohibits an employer from withholding wages unless "[t]he employer has prior written authorization from the employee" or "[t]here is a reasonable good faith dispute as to the

---

[5] Titan's June 20, 2018 tender to Plaintiff of minimum wages in the amount of $399.55 does not nullify Plaintiff's FLSA claim for failure to pay minimum wages in February 2018. *See Lemley v. Graham Cty.*, No. CV-13-01221-TUC-CKJ, 2014 WL 11631714, at *5 (D. Ariz. May 16, 2014) (a cause of action under the FLSA accrues "at each regular payday immediately following the work period during which the services were rendered for which the wage of overtime compensation is claimed.") The payment may, however, be credited against the amount Titan owes Plaintiff for violation of the FLSA.

amount of wages due, including the amount of any counterclaim or any claim of debt, reimbursement, recoupment or set-off asserted by the employer against the employee." A.R.S. § 23-352(2), (3).

The Court disagrees that Titan's offset of Plaintiff's minimum wages was permissible. As Plaintiff points out, the § 23-352 good faith provision pertains to Article 7 Wage claims. It is "a specific statutory 'reasonable good faith dispute' exception to A.R.S. § 23-355," *see Abrams v. Horizon Corp.*, 669 P.2d 51, 55 (Ariz. 1983), which authorizes a civil action against an employer who "fails to pay wages due any employee." A.R.S. § 23-355(A).[6] In contrast, in Count IV, Plaintiff asserts a claim for failure to pay minimum wages. That claim is brought under Article 8, Minimum Wage Claims. The provisions governing minimum wage claims are separately set forth in Article 8, including enforcement and damages provisions. *See* A.R.S. § 23-364(G) (an employer who fails to pay the minimum wages required under Article 8 must pay an employee the balance of the wages "and an additional amount equal to twice the underpaid wages."). Article 8 also provides a separate, but different, good faith defense. *See* A.R.S. § 23-365 (an employer is not liable for failure to pay minimum wage if the employer "proves that the act or omission was in good faith, conformed with and relied on an administrative regulation, order, ruling, approval or interpretation, administrative practice or enforcement policy issued by the commission pursuant to and in accordance with the commission's authority under this article."). Titan does not claim it is entitled to application of the good faith exception set forth in A.R.S. § 23-365.

In sum, Titan's answer does not raise issues of fact that, if proved, would defeat recovery.[7] Nor does it assert an affirmative defense that raises a question of fact or law.

---

[6] Plaintiff asserts an Article 7 claim for failure to pay wages in Count II of the FAC.

[7] In its opposition Titan identified the following questions of material fact and law which, it argued, preclude entry of judgment on the pleadings: whether Plaintiff's theft and negligent property damage justify the withholding; to what extent does Titan's June 20, 2018 tender to Plaintiff of the minimum wages moot Plaintiff's claims; if a minimum wage violation occurred; and whether Titan properly availed itself of the good faith defense to avoid an award of liquidated damages under the FLSA and AMWA and/or a set-off to any recovery. As set forth in this Order, accepting all of Titan's factual allegations as true, all

- 7 -

Accordingly, judgment on the pleadings will be granted as to Counts III and IV.

**B. Plaintiff's Motion to Dismiss Counterclaims**

Plaintiff requests that the Court dismiss Defendant Titan's state law counterclaims for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Titan opposes the motion, asserting that the counterclaims are compulsory and, even if found to be permissive, that the Court should exercise its discretion to extend supplemental jurisdiction over these claims.

    1.   Compulsory Counterclaims

Federal courts must exercise supplemental jurisdiction over compulsory counterclaims. *Baker v. Gold Seal Liquors*, 417 U.S. 467, 468 n.1 (1974), superseded by statute on other grounds. A counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). In the Ninth Circuit, courts use the "liberal logical relationship test" which "attempts to analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987). In applying the test, the court assumes the factual allegations in the challenged pleading are true and draws all reasonable inferences in the non-moving party's favor. *Poehler v. Fenwick*, No. 2:15-cv-0161-JWS, 2015 WL 7299804, *1 (D. Ariz. 19, 2015).

Titan's counterclaims are not compulsory because they do not arise from the same transaction or occurrence, and the essential facts of the various claims are not logically connected. Plaintiff's FLSA and Arizona Wage claims assert Defendants failed to adequately compensate him. Evidence required to resolve these allegations will pertain to Plaintiff's work hours and the compensation he received. Plaintiff's FLSA retaliation claim will require Plaintiff to prove that he was terminated for complaining about

---

of these questions are resolved as a matter of law. Titan raises an additional question of law or fact: whether the individual defendants can be liable for the minimum wage claims. As Plaintiff's motion does not seek to impose liability against the individual defendants, the Court does not address this issue in this Order.

nonpayment of his wages. In contrast, Titan's counterclaims for breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, and negligence will require proof of the parties' contract for the tools, withholding in reimbursement of the contract, and Plaintiff's alleged negligent refueling of a company vehicle and the resulting damages.[8] The two sets of claims overlap only insofar as each arises from the circumstance that Plaintiff was employed by Titan. The simple fact of employment is insufficient to establish supplemental jurisdiction over Titan's counterclaims. Plaintiff's claims are not so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.

2. Permissive counterclaims

Federal courts may exercise supplemental jurisdiction over permissive counterclaims if they are "so related to claims" brought under the Court's federal question jurisdiction "that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). "In determining whether such a claim forms part of the same 'case or controversy', the Court must determine whether the federal claim and the state law claim arise from the same 'common nucleus of operative fact.'" *Ader v. SimonMed Imaging Inc.*, 324 F. Supp. 3d 1045, 1050 (D. Ariz. 2018) (citing *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005)). "The § 1367 test for supplemental jurisdiction is broader than the test for compulsory counterclaims. . . ." *Sparrow v. Mazda Am. Credit*, 385 F. Supp.2d 1063, 1067 (E.D. Cal. 2005). In analyzing the relationship between claims and counterclaims, courts may consider the degree to which the proposed counterclaims rely on the same body of evidence as would be required to prove the claims of the complaint. *See, e.g., Ripley v. PMD Dev. LLC*, No. CV-18-01162-PHX-DLR, 2018 WL 4931750, at *2 (D. Ariz. Oct. 11, 2018); *Ader*, 324 F. Supp. 3d at 1051. The party asserting jurisdiction

---

[8] Titan claims that the evidence supporting its counterclaims is logically connected to Plaintiff's FLSA retaliation claim because Titan would offer evidence to prove Plaintiff abandoned his job to avoid having to reimburse Titan for the damage he negligently caused to a company vehicle through payroll deduction. Proof of negligence is not necessary for Titan to defend the retaliation claim. The issue presented by the retaliation claim is whether Plaintiff was terminated by Titan or quit because he thought he would have to reimburse Titan for refueling the company vehicle. Whether Plaintiff was actually negligent in refueling the vehicle is irrelevant to that determination.

- 9 -

bears the burden of proof. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

For the same reasons the Court concluded that the counterclaims were not logically connected, the Court concludes that Titan's counterclaims do not meet the broader standard of sharing a common nucleus of operative facts: except for the existence of an employment relationship, Titan's claims relate to the unreturned/unreimbursed tools and damage to company vehicle - facts separate and unrelated to Plaintiff's wage and retaliation claims. Finally, even if the Court had supplemental jurisdiction over Titan's counterclaims, it would decline to exercise jurisdiction on the circumstances presented in this case. Allowing the non-wage disputes to color Plaintiff's wage-related claims would undercut the underlying purposes of the causes of action.

**C. Defendant's Titan's Motion to Strike Supplemental Authority**

Titan characterizes Plaintiff's citation of supplemental citation of authority as a surreply. (*See* Docs. 49, 50.) Plaintiff's notice of supplemental authority directs the Court to a substantively related case decided after the close of briefings on the Motion to Dismiss Counterclaims; it also argues the applicability of the authority. Although the Court has considered the case cited, the Court will not consider Plaintiff's discussion of the supplemental authority. The case speaks for itself. Consequently, the Court will deny the Motion to Strike Supplemental Authority as moot.

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for Partial Judgment on the Pleadings (Doc. 35) is GRANTED. Plaintiff is entitled to judgment against Defendant PM&M Electric Incorporated on Counts III and IV in the amount of $874.24, plus interest, and attorney's fees and costs in an amount to be determined by the Court.

IT IS FURTHER ORDERED that Plaintiff's Motion to Dismiss Counterclaims (Doc. 37) is GRANTED.

//

IT IS FURTHER ORDERED that Defendant's Motion to Strike Notice of Supplemental Authority (Doc. 50) is DENIED as Moot.

Dated this 4th day of February, 2019.

_____
Honorable Jennifer G. Zipps
United States District Judge